# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIMOTHY GUIDRY**<br>    **LA. DOC #321539** | **CIVIL ACTION NO. 6:14-cv-2391** |
| **VS.** | **SECTION P** |
| | **JUDGE HAIK** |
| **LOUISIANA STATE PENITENTIARY** | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Timothy Guidry ("Guidry") filed the instant petition for federal *habeas corpus* relief on July 28, 2014.  Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  By this proceeding, Guidry attacks his 1991 conviction for aggravated rape for which he is serving a life sentence imposed by the Sixteenth Judicial District Court for St. Martin Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.  For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## LAW AND ANALYSIS

This court's records demonstrate that petitioner has filed at least one previous federal petition for writ of *habeas corpus* in which he attacked this same conviction and sentence. *Timothy Guidry v. Burl Cain, Warden*, No. 6:00-cv-1074 (W.D. La. 2000). Guidry asserted the following claims for relief:  (1) the trial court erred in denying

petitioner's motion to suppress his confession; (2) the trial court erred in giving an

unreasonable jury charge on reasonable doubt; (3) the trial court erred in allowing a

prosecution witness to testify as an expert; (4) the trial court erred when it denied

petitioner's motion for a new trial; (5) the evidence was insufficient to support petitioner's

conviction; (6) Insufficient evidence based on different facts; and (7) ineffective

assistance of counsel.

This petition was denied and dismissed with prejudice on July 7, 2000, following a

Report and Recommendation by the Magistrate Judge, because the petition was barred by

the one-year limitation period set forth in 28 U.S.C. § 2244(d). [*Id.* at rec. docs. 3 and 5].

Guidry's request for a Certificate of Appealability was denied by the United States Fifth

Circuit Court of Appeals on October 2, 2000. [*Id*. at  doc. 12, *Guidry v. Cain*, No. 00-

30915 (5th Cir. 2000)]. On March 5, 2001, the United States Supreme Court denied

*certiorari*. [*Id.* at rec. doc. 13; *Guidry v. Cain*, 532 U.S. 908 (2001)].

Twelve years later, on March 7, 2013, Guidry filed a Motion for Relief from

Judgment pursuant to FRCP Rule 60(b) in this same closed case. [rec. doc. 14].  In this

"Motion" Guidry asserted that he was entitled to relief on the following grounds: (1)

because he received ineffective assistance of trial counsel;  and (2) under the United

States Supreme Court's decision in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).  On June 5,

2013, following a Report and Recommendation by the Magistrate Judge, Judge Doherty

deemed the Motion a second or successive *habeas* petition and accordingly, dismissed the

"Motion" for lack of jurisdiction and alternatively, denied the Motion as untimely and

2

without a basis in fact. [*Id.* at rec. docs. 20 and 22]. Guidry's request for a Certificate of Appealability was denied by the United States Fifth Circuit Court of Appeals on November 15, 2013. [*Id.* at doc. 29, *Guidry v. Cain*, No. 13-30686 (5th Cir. 2013)].

The instant petition was filed on July 28, 2014. Guidry asserts the following claims for relief: (1) prosecutorial misconduct; (2) the trial court abused its discretion by failing to grant petitioner a new trial; (3) ineffective assistance of trial and appellate counsel for (a) failing to raise the unconstitutionality of La. C.Cr.P. art. 413(B), (b) failing to argue the conditions of interrogation in connection with petitioner's Motion to Suppress his confession; (c) failing to utilize an OB/GYN independent expert; (d) failing to object to the expert testimony of witness Terry Ansemen; (e) failing to object to the reasonable doubt jury charge; (f) arguing claims (improper expert testimony and reasonable doubt jury charge claims) on appeal knowing that the errors had not been properly preserved for appeal; (g) failing to assert on appeal that the victim recanted her testimony; (h) failing to adequately present the findings of Dr. Kennedy on appeal; and (i) falsifying facts on direct appeal.

This is at least Guidry's second, and arguably his third, attempt to collaterally attack, in this Court, his Louisiana state court conviction and the sentence imposed by the Sixteenth Judicial District Court for St. Martin Parish, Louisiana, which was the subject of his previous federal petitions. The instant action is therefore unquestionably a § 2254

action which under 28 U.S.C. § 2244 is "second or successive".[1]

The petition attacks the same conviction and sentence that was the subject of

Guidry's two previous petitions.  The claims raised herein either were or could have been

raised in the previous petitions. Moreover, Guidry's first petition was denied and

dismissed with prejudice as barred by the one-year time limitation set forth in 28 U.S.C.

§ 2244(d).  Although a dismissal based upon the statute of limitation does not include an

examination of the merits of the underlying substantive claims presented in the petition,

such a dismissal is considered an adjudication of the merits for purposes of determining

whether a subsequent petition is successive under the AEDPA.[2]

_____

[1]The Supreme Court has found that the phrase "second or successive" does not encompass all "applications filed second or successively in time." " *In re Lampton*, 667 F.3d 585, 588 (5th Cir. 2012) *citing  Magwood v. Patterson*, 561 U.S. 320,  130 S.Ct. 2788,  2796 (2010).  Rather, it "must be interpreted with respect to the judgment challenged." *Id*. *citing Magwood*, 130 S.Ct. at 2797.  AEDPA's bar on second or successive petitions therefore applies to a later-in-time petition that challenges the same judgment imposing the same sentence as an earlier-in-time petition.  *Id. citing Burton v. Stewart*, 549 U.S. 147, 156, 127 S.Ct. 793 (2007).  The Supreme Court has further held that the phrase "second or successive" applies to an entire application, not individual claims in an application.  *Magwood* , 130 S.Ct. at 2798 ("AEDPA uses the phrase 'second or successive' to modify 'application.').
    The Fifth Circuit has found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised."  *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) *citing Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).  Thus, the Fifth Circuit has suggested a focus of the inquiry is whether in the prior petition, the petitioner  received an adjudication on the merits of his claims.
    The Fifth Circuit has also found that a later petition is successive when it:  "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ."  *In Re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

[2]*See In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (*per curiam*)*; Jacquet v. Cooper,* 2012 WL 2049951, *2 (W.D. La. 2012) *citing Barrow v. Cain,* 2007 WL 1035023, *2 (W.D. La. 2007) *citing Villanueva v. United States,* 346 F.3d 55, 61 (2nd Cir. 2003), *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005), *Guyton v. United States,* 23 Fed. Appx. 539, 540 (7th Cir. 2001) (dismissal of a *habeas* petition "because the district court determined, albeit erroneously, that it was not filed within the applicable statute of limitations . . . operates to dispose of the case on the merits as much as an erroneous finding that a petitioner had failed to state an element of a claim."), *Gray v. Dretke*, 2005 WL 1768750, *2 (S.D. Tex. 2005), *United States v. Casas,* 2001 WL 1002511, at *2 (N.D. Ill. 2001) (holding that the dismissal

As Guidry is obviously aware, given this Court's ruling on his prior "Rule 60(b)

Motion", before a second or successive petition may be considered by this court,

petitioner must obtain authorization to file the second or successive petition from the

Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A).[3]  The record does not show

in this case that petitioner has received such authorization. Until such time as petitioner

---

of a prior federal petition under the statute of limitation is "akin to a dismissal on the merits, and thus bars a subsequent petition" unless authorized by the court of appeals), *Reyes v. Vaughn*, 276 F. Supp.2d 1027, 1029 (C.D. Cal. 2003) (holding that a previous dismissal based on the statute of limitations "is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under AEDPA."); *United States v. Harris*, 2002 WL 31859440, *3 (E.D. Pa. 2002) ("the term 'second or successive petition'...whose post-AEDPA meaning by necessity includes habeas petitions by defendants whose initial petitions were dismissed on statute of limitations grounds."), *Lee v. Cain,* 2007 WL 2446123 (W.D. La. 2007), *Middleton v. Cain,* 2007 WL 2081003, *2 (W.D. La. 2007), *Cate v. Ayers,* 2001 WL 1729214, at *3-4 (E.D. Cal. 2001) (stating that "[t]he law is clear that a dismissal based on the statute of limitations is an adjudication of the merits of the claim" and "operates as a final judgment on the merits" thus, holding that a petition for federal *habeas corpus* relief was successive within the meaning of section 2244(b) because the petitioner previously had filed a federal petition that was dismissed as untimely), *Plaut v. Spendthrift Farm,* 514 U.S. 211, 228, 115 S.Ct. 1447, 1457, 131 L.Ed.2d 328 (1995) *citing United States v. Oppenheimer,* 242 U.S. 85, 87-88, 37 S.Ct. 68, 61 L.Ed. 161 (1916) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits."),  *Mathis v. Laird,* 457 F.2d 926, 927 (5th Cir.), *cert. denied,* 409 U.S. 871, 93 S.Ct. 201, 34 L.Ed.2d 122 (1972) ("A ruling based on the statute of limitations is a decision on the merits for *res judicata* purposes.")and *In re Marino,* 181 F.3d 1142, 1144 (9th Cir. 1999) (same); *United States v. Garcia*, 516 Fed. Appx. 704, (10th Cir. 2013) *citing In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (*per curiam*) *citing  Quezada v. Smith*, 624 F.3d 514, 519–20 (2nd Cir. 2010) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." (additional internal quotation marks omitted), *In re Flowers, supra., McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("We hold that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."), *Murray v. Greiner*, 394 F.3d 78, 79 (2nd Cir. 2005) (holding "that dismissal of a § 2254 petition for tardiness under § 2244(d)(1) renders future challenges to the same conviction under § 2254 'second or successive' and subject to the requirements of § 2244(b)(1) through (4)"), and *Altman v. Benik*, 337 F.3d 764, 765 (7th Cir. 2003) (*per curiam*) (holding that "previous untimely petition does count as a prior application under § 2244(b)")

[3] 28 U.S.C. § 2244(b)(3)(A) provides in part, "[b]efore a second or successive application permitted by this section [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

obtains said authorization, this Court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

The law is clear that this Court cannot entertain the merits of this petition without authorization from the Fifth Circuit as mandated by 28 U.S.C. § 2244(b)(3)(A). The record fails to show that petitioner has received such authorization from the Fifth Circuit. Therefore, the undersigned finds that this petition should be dismissed.[4]  Accordingly;

**IT IS RECOMMENDED** that the instant action be **DISMISSED WITH PREJUDICE** for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings

---

[4] Although some district courts have transferred second or successive petitions to the Fifth Circuit for authorization, a transfer is not mandatory. *See In Re Epps*, 127 F.3d 364 (5th Cir. 1997) (adopting a procedure to be used when a successive petition filed without prior authorization is transferred).  Under the facts and circumstances of this case, the undersigned concludes that the appropriate action for this Court to take is to dismiss this action due to petitioner's failure to obtain proper authorization from the United States Fifth Circuit Court of Appeals.

or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

In Chambers, Lafayette, Louisiana, on October 20, 2014.

C. Michael Hill

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE